Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  9411
Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

Morgan T. Nickerson (*pro hac vice forthcoming*)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA  02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175

*Attorneys for Plaintiff*
NETGEAR, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Elitecom Technologies Corporation,<br><br>Defendant. | Civil Action No. 5:26-cv-5417<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)**<br><br>Date:   September 15, 2026<br>Time: 10:00 AM<br>Courtroom: 6<br>Judge:   Hon. Susan van Keulen<br><br>Compl. Filed:   June 4, 2026<br>Trial Date:      None Set |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 15, 2026, at 10:00 AM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Susan van Keulen at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, Courtroom 6, Plaintiff NETGEAR, Inc. will and hereby does move the Court for an order permitting alternative service of process under Federal Rule of Civil Procedure 4(f)(3) and service of other papers in this action on Defendant Elitecom Technologies Corporation.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the concurrently filed declaration of Morgan T. Nickerson, and all other papers and arguments submitted in connection with this matter and any additional matters that may be heard or submitted including at oral argument.

Dated: August 6, 2026                    K&L GATES LLP

                              By:  */s/ K. Taylor Yamahata*
                                   Jason N. Haycock
                                   K. Taylor Yamahata
                                   Morgan T. Nickerson (*pro hac vice application forthcoming*)

                                   *Attorneys for Plaintiff*
                                   NETGEAR, Inc.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF THE CASE ...................................................................................1

     I.     BACKGROUND ...................................................................................1

     II.    DEFENDANT'S CONTACT INFORMATION ...............................2

ARGUMENT ...............................................................................................................2

     III.   LEGAL STANDARD...................................................................................2

     IV.   ALTERNATIVE SERVICE OF PROCESS IS
          JUSTIFIED .................................................................................3

         A.    The Proposed Means of Service Is Not Prohibited
             by International Agreement .......................................................4

         B.    The Proposed Means of Service Satisfies Due
             Process .....................................................................................6

     V.    PLAINTIFF'S PROPOSED ALTERNATIVE SERVICE
          UNDER RULE 4(F)(3).........................................................................7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE; Case No. 5:26-cv-5417

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carrico v. Samsung Electronics Co., Ltd.*,
No. 15-cv-02087, 2016 WL 2654392 (N.D. Cal. May 10, 2016) ............................................... 4

*F.T.C. v. PCCare247 Inc.*,
No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) .................................... 6

*Facebook Inc. v. Banana Ads, LLC*,
No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ...................................... 6

*Gurung v. Malhotra*,
279 F.R.D. 215 (S.D.N.Y. 2011) ............................................................................................. 6

*In re LDK Solar Sec. Litig.*,
No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) .................................... 4

*Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.*,
No. 17-CV-02896-LHK, 2017 WL 4536417 (N.D. Cal. Oct. 11, 2017) .................................. 5

*Rio Props., Inc. v. Rio Intern. Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......................................................................................... 3, 4, 6

*Seiko Epson Corporation et al. v. Dongguan Ocbestjet Digital Technology Co., Ltd. et al.*,
2:22-cv-4123, Dkt. 20 (C.D. Cal. Nov. 3, 2022) .................................................................... 5

*Shinde v. Nithyananda Foundation*,
No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121 (C.D. Cal. Aug. 25, 2014) .................................................................................................................................... 6

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*,
No. SA CV 15-0246-DOC (DFMx), 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) .................................................................................................................................... 5

*WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.*
No. 5:18-CV-04543-EJD, 2019 WL 8810350 (N.D. Cal. Jan. 10, 2019) ............................... 5

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) .................................... 5

**Other Authorities**

Fed. R. Civ. P. 4 ......................................................................................................................... 2, 3, 4

## **PRELIMINARY STATEMENT**

On June 4, 2026, Plaintiff Netgear, Inc. ("NETGEAR" or "Plaintiff") filed a complaint against Defendant Elitecom Technologies Corporation ("Elitecom") seeking declaratory relief arising from a dispute with Elitecom regarding NETGEAR's ownership of source code and related intellectual property developed for NETGEAR's ProAV Embedded App Phase 2 Project. As explained in greater detail below, Elitecom threatened NETGEAR with various actions that are intended to disrupt NETGEAR's customer relationships and improperly pressure NETGEAR into paying disputed fees. Elitecom's conduct threatens to harm NETGEAR's customer relationships, goodwill, and business interests. Therefore, NETGEAR seeks a judicial declaration over the parties' respective rights and obligations under the parties' agreements and to the ownership of the copyright to the created source code.

NETGEAR has investigated the Hague Convention procedures for service of the complaint in China, and under current international conditions, service will take several months, and may take up to a year or more. NETGEAR cannot, and should not, wait that long. Accordingly, NETGEAR seeks an order under Federal Rule of Civil Procedure 4(f)(3) to effect service of process of the summons and complaint, and any future papers in this action through alternative means, namely by Defendant's email address. The Ninth Circuit, as well as this Court and numerous courts within the Ninth Circuit, have ordered that service of process through a defendant's email address is an appropriate alternative for service. NETGEAR respectfully seeks the same relief here.

## **STATEMENT OF THE CASE**

### I.    BACKGROUND

On or about October 12, 2020, the parties entered into a Statement of Work, under which Elitecom agreed to provide design, implementation, and testing services, with NETGEAR retaining ownership of the resulting source code and related

intellectual property. Dkt. No. 1 ¶¶ 10-13. On June 13, 2025, NETGEAR terminated the parties' relationship and Elitecom ceased providing maintenance or support services to NETGEAR. *Id.* ¶¶ 16-18. A dispute subsequently arose when, in January 2026, Elitecom demanded that NETGEAR pay an additional annual maintenance fee notwithstanding the termination, a position that NETGEAR has disputed. *Id.* ¶¶ 19-22. Elitecom has since threatened to contact NETGEAR's customers and licensees to assert that NETGEAR no longer holds distribution or licensing rights. *Id.* ¶¶ 23-26. Elitecom's threatened communications are intended to disrupt NETGEAR's customer relationships and improperly pressure NETGEAR into paying disputed fees. *Id.* ¶ 27.

Throughout this dispute, the parties' communications have been conducted exclusively by email. Declaration of Morgan T. Nickerson ("Nickerson Decl.") ¶ 3. Indeed, Elitecom has used email to issue the threats at issue in this action, including its demand for payment and its threat to contact NETGEAR's customers and licensees. Dkt. No. 1 ¶¶ 23-26; Nickerson Decl. ¶ 6. Given the threats issued by Elitecom via email and NETGEAR and Elitecom's ongoing email conversations regarding the dispute, Elitecom is on actual notice of the lawsuit.

## II.    DEFENDANT'S CONTACT INFORMATION

Upon information and belief, Defendant is a foreign corporation with its principal place of business at 999 Zhongshan West Road, Suite 313, Shanghai, China 200051. Dkt. No. 1 ¶ 9. Counsel for NETGEAR has been in contact with Alan Lin, the Chief Executive Officer of Elitecom via his email at alin@elitect.com since prior to the commencement of this action. Nickerson Decl. ¶¶ 3-5. As set forth below, this course of dealing confirms that email is a reliable means of providing Elitecom with notice of this action.

## ARGUMENT

## III.   LEGAL STANDARD

Service of process on foreign individuals is governed by Federal Rule of Civil

Procedure 4(f).  That same rule applies to foreign businesses. *See* Fed. R. Civ. P. 4(h)(2).  Under Rule 4(f), foreign service can be accomplished by any one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) . . . as prescribed by the foreign country's law for service in that country . . . ; or (3) by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(1)-(3).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no international agreement directly to the contrary.  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  The Court can also allow multiple forms of alternative service at once.  *Id.* at 1017.  Finally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## IV.    ALTERNATIVE SERVICE OF PROCESS IS JUSTIFIED

Under the procedures of the Hague Convention, service in China will take several months, and may take up to a year or more.[1]  Given Defendant's threats concerning NETGEAR's customers that will cause harm to NETGEAR's customer relationships, goodwill, and business interests, there is no need to wait this long.  Such delay is unnecessary.  Under the circumstances here, alternative service through email will not only apprise Defendant of this action and afford it an opportunity to appear, but also this form of service is likely to be the best, fastest, and most reliable

---

[1] *See, e.g.*, John F. Coyle et al., *Contracting Around the Hague Service Convention*, 53 UC DAVIS L. REV. ONLINE 53, 54 (2019).

method for providing it service.

Critically, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props.*, 284 F.3d at 1015. Rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* There is, therefore, no "hierarchy of preferred methods of service of process" under Rule 4(f), and "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.* at 1014. Thus, a party need not "attempt service of process by those [other] methods … before petitioning the court for alternative relief under Rule 4(f)(3)." *Id.* at 1014-15 (approving alternative service even though plaintiff had not attempted other methods); *accord In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("[P]laintiffs are free to attempt an alternate means of service without having to show an attempt of service through the Chinese Central Authority . . . ."); *Carrico v. Samsung Electronics Co., Ltd.*, No. 15-cv-02087, 2016 WL 2654392, at *3 (N.D. Cal. May 10, 2016) (citing *Rio Props.*, 284 F.3d at 1015) ("Plaintiffs are not required to serve foreign defendants in accordance with 'any internationally agreed means reasonably calculated to give notice,' such as the Hague Service Convention under Rule 4(f)(1), prior to moving for alternate service under Rule 4(f)(3).").

As explained below, the method proposed by NETGEAR for alternative service is not prohibited by any international agreement with China and comports with due process.

### A.    The Proposed Means of Service Is Not Prohibited by International Agreement

As signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, China had the option to object to certain types of service, which it did as to Article 8, service through "diplomatic or consular agents," and Article 10, "postal channels" or foreign "judicial

officers." *See* Exhibit B; Exhibit C (identifying China's objections).

Yet, despite China's objections to service through postal channels under Article 10 of the Hague Convention, courts have allowed for service by email on defendants located in China. For example, in *WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.*, the Court denied a motion to quash service of process where the Court found that Article 10 did not prohibit service by email. No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority, the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'"). Similarly, the Court in *Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.* reached the same conclusion. No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."). The court in *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-0246-DOC (DFMx), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016), also permitted service in China via email, finding that the "Hague Convention does not expressly prohibit service by email" and that there was no other international agreement with China of which it was aware that would prohibit such service. Lastly, a court in the Ninth Circuit allowed for service of process via email on a Chinese entity where plaintiff showed it had a recent and valid email addresses for the defendant. *See Seiko Epson Corporation et al. v. Dongguan Ocbestjet Digital Technology Co., Ltd. et al.*, 2:22-cv-4123, Dkt. 20 (C.D. Cal. Nov. 3, 2022).

Courts have reached this same conclusion regarding Article 10 objections to the Hauge Convention in reference to countries other than China as well. For example, in *Williams-Sonoma Inc. v. Friendfinder Inc.,* No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007), the court found that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible, even though each of the countries, like China, had objected to service through postal

channels.  Similarly, in *Facebook Inc. v. Banana Ads, LLC*, the court found that email service to Hong Kong, "a special administrative region of the People's Republic of China," was not prohibited by international agreement and was therefore acceptable. *See* No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012).  And, in *Shinde v. Nithyananda Foundation*, No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014), the court likewise permitted service via email to a recipient in India despite India's objection to service via postal channels, reasoning that "service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10" of the Hague Convention.  As in each of these cases, email service is appropriate and permissible here.

## B. The Proposed Means of Service Satisfies Due Process

Email is not only a permissible means of alternative service, email has been considered one of the best forms because it is "aimed directly and instantly" at the defendant.  *Rio Props.*, 284 F.3d at 1018.  "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *see also Facebook Inc.*, 2012 WL 1038752, at *2 (granting motion for alternative service because "service by email appears to be not only reasonably calculated to provide actual notice to Foreign Defendants but the method most likely to apprise the Foreign Defendants of the action"); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied.").

Here, NETGEAR has a recent and valid email address of the Chief Executive Officer of Elitecom, Alan Lin.  Counsel for NETGEAR has been in contact with Alan Lin since at least February 10, 2026, three months before the commencement of this action.  *See* Nickerson Decl. ¶¶ 4-5.  An email sent to this address is likely to reach the Defendant.  Indeed, counsel for NETGEAR reached out to Alan Lin on or about

July 15, 2026 to request Elitecom waive formal service of the complaint and Alan Lin responded on or about July 20, 2026 stating he was reviewing the waiver package provided. *Id.* ¶¶ 7-8. Alan Lin has not otherwise responded to the request to waive formal service, necessitating this motion. *Id.* ¶ 9. Given NETGEAR and Elitecom's history, service by email is the method most likely to apprise Defendant of the action.

## V.     PLAINTIFF'S PROPOSED ALTERNATIVE SERVICE UNDER RULE 4(F)(3)

NETGEAR proposes to serve the Defendant by sending the complaint, summons, and related papers in this action by email. With respect to email, NETGEAR proposes to serve the service documents by sending them to the following known email address of Defendant: alin@elitect.com.

## CONCLUSION

For the foregoing reasons, NETGEAR respectfully requests that the Court grant its motion for an order authorizing it to serve Defendant through email.

Dated: August 6, 2026                      K&L GATES LLP

By:   */s/ K. Taylor Yamahata*
        Jason N. Haycock
        K. Taylor Yamahata
        Morgan T. Nickerson (*pro hac vice application forthcoming*)

        *Attorneys for Plaintiff*
        NETGEAR, Inc.

-7-
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE; Case No. 5:26-cv-5417