Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 9411
Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

Morgan T. Nickerson (*pro hac vice forthcoming*)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA 02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175

*Attorneys for Plaintiff*
NETGEAR, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETGEAR, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Elitecom Technologies Corporation,<br><br>Defendant. | Civil Action No. 5:26-cv-5417<br><br>**DECLARATION OF MORGAN T. NICKERSON IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)**<br><br>Date: September 15, 2026<br>Time: 10:00 AM<br>Courtroom: 6<br>Judge: Hon. Susan van Keulen<br><br>Compl. Filed: June 4, 2026<br>Trial Date: None Set |

**DECLARATION OF MORGAN T. NICKERSON**

I, Morgan T. Nickerson declare as follows:

1. I am an attorney licensed to practice law in the State of Massachusetts. I am a partner at the law firm of K&L Gates LLP and serve as counsel to Plaintiff NETGEAR, Inc. ("NETGEAR"). I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto.

2. This declaration is submitted in support of NETGEAR's Motion for Approval of Service Method as to Defendant Elitecom Technologies Corporation ("Elitecom").

3. The parties' communications have been conducted exclusively by email.

4. I have been in contact with Elitecom via email since at least February 10, 2026.

5. The email address of Elitecom's Chief Executive Officer ("CEO") Alan Lin is alin@elitect.com.

6. Elitecom, through its CEO Alan Lin, has used email to issue the threats at issue in this action, including its demand for payment and its threat to contact NETGEAR's customers and licensees.

7. I reached out to Alan Lin at alin@elitect.com on or about July 15, 2026 (12:07 PM EST) to request Elitecom waive formal service of the Complaint. Attached hereto as **Exhibit A** is a true and correct copy of my email correspondence to Alan Lin. Certain portions of **Exhibit A** have been redacted because they reflect confidential settlement communications pursuant to Fed. R. Evid. 408.

8. Alan Lin at alin@elitect.com responded on or about July 20, 2026 (4:01 AM EST) stating he was reviewing the waiver package provided. *See* **Exhibit A**.

9. Alan Lin has not otherwise responded to the request to waive formal service, necessitating NETGEAR's Motion for Approval of Service Method.

10. Attached hereto as **Exhibit B** is a true and correct copy of a printout from the United States Department of State – Bureau of Consular Affairs' website entitled, "China Judicial Assistance Information" which is available at the following URL:

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.

11. Attached hereto as **Exhibit C** is a true and correct copy of a printout from the Hague Conference on Private International Law website entitled "China – Central Authority and practical information" which is available at the following URL: https://www.hcch.net/en/states/authorities/details3/?aid=243.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct. Executed on August 6, 2026, at Boston, Massachusetts.

*/s/Morgan T. Nickerson*
Morgan T. Nickerson

# **EXHIBIT A**

**From:** Alan Lin <alin@elitect.com>
**Sent:** Monday, July 20, 2026 4:01 AM
**To:** Nickerson, Morgan T.
**Cc:** Langan, Sally P.
**Subject:** Re:RE: Re:RE: Re:RE: Elitecom v. NETGEAR – Customer Notification to Proceed

**This Message Is From an External Sender**
This message came from outside your organization.

Dear Morgan,

Thank you for your email.

I appreciate NETGEAR's willingness to continue discussing a practical business resolution.

I am reviewing the waiver package you provided. [redacted]

If we are able to make meaningful progress toward such a resolution, I believe the procedural issues, including the waiver of service, can be addressed in that context.

I look forward to your response.

Best regards,
Alan Lin

---

**From:** "Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>"
**To:** "Alan Lin <alin@elitect.com>"
**CC:** "Langan, Sally P. <Sally.Langan@klgates.com>"
**Sent:** 2026-07-16 00:07
**Subject:** RE: Re:RE: Re:RE: Elitecom v. NETGEAR – Customer Notification to Proceed

Dear Mr. Lin,

Thank you for your email.

[redacted]

[redacted]

To provide additional time for meaningful settlement discussions, I would ask that Elitecom agree to waive formal service of the complaint. If Elitecom executes the attached waiver of service, it will have 90 days to respond to the complaint. That should provide the parties with ample time to continue negotiating in good faith before any responsive

pleading is due. If you are unwilling to waive service and we are required to formally serve, Elitecom with have only 21 days to respond. I'd prefer to work through these issues on a more relaxed timeline. Kindly let me know if you are willing to waiver service and receive the 90-day window.

I look forward to hearing from you.

Best regards,
Morgan

---

**From:** Alan Lin <alin@elitect.com>
**Sent:** Thursday, July 09, 2026 10:07 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Langan, Sally P. <Sally.Langan@klgates.com>
**Subject:** Re:RE: Re:RE: Elitecom v. NETGEAR – Customer Notification to Proceed

Dear Morgan,

Thank you for following up.

[redacted]

[redacted]

[redacted]

[redacted]

Best regards,
Alan

---

**From:** "Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>"
**To:** "Alan Lin <alin@elitect.com>"
**CC:** "Langan, Sally P. <Sally.Langan@klgates.com>"
**Sent:** 2026-07-09 05:06
**Subject:** RE: Re:RE: Elitecom v. NETGEAR – Customer Notification to Proceed

Mr. Lin,

Can you kindly provide an update on the below?

Best,
Morgan

# **EXHIBIT B**

**China**
China

## Hague/Inter-American

**Party to Hague Service Convention?**
Yes

**Party to Hague Evidence Convention?**
Yes

**Party to Hague Apostille Convention?**
No

**Party to Inter-American Convention?**
No

**Service of Process by Mail?**
No

## DISCLAIMER

**DISCLAIMER: THE INFORMATION IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A SPECIFIC CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO THE APPROPRIATE FOREIGN AUTHORITIES OR FOREIGN COUNSEL.**

ALL +/−

## Embassies and Consulates

**U.S. Embassy Beijing**
No. 55 An Jia Lou Road
Chaoyang District, Beijing 100600
**Telephone:** +86 10-8531-4000
**Emergency After-Hours Telephone:** +86 10-8531-4000
**Fax:** +86 10-8531-3300
**Email:** BeijingACS@state.gov
This consular district includes Beijing, Tianjin, Gansu, Hebei, Ningxia,

Qinghai, Shaanxi, Shandong, Shanxi, Xinjiang, Chongqing, Sichuan, and Tibet.

**U.S. Consulate General Hong Kong & Macau**
26 Garden Road
Central, Hong Kong
**Telephone:** +852 2841-2211, +852 2841-2225, +852 2841-2323
**Emergency After-Hours Telephone:** +852 2523-9011
**Fax:** +852 2845-4845
**Email:** acshk@state.gov
This consular district includes the Hong Kong and Macau Special Administrative Regions (SARs).

**U.S. Consulate General Guangzhou**
No. 43 Hua Jiu Road
Zhujiang New Town
Tianhe District, Guangzhou 510623
**Telephone:** +86 20-3814-5775
**Emergency After-Hours Telephone:** +86 10-8531-4000
**Fax:** +86 20-3814-5572
**Email:** GuangzhouACS@state.gov
This consular district includes Fujian, Guangdong, Guangxi, Hainan, Yunnan, and Guizhou.

**U.S. Consulate General Shanghai**
No. 1469 Huai Hai Zhong Road
Xuhui District, Shanghai 200041
**Telephone:** +86 21-8011-2400
**Emergency After-Hours Telephone:** +86 10-8531-4000
**Fax:** +86 21-6148-8266
**Email:** ShanghaiACS@state.gov
This consular district includes Shanghai, Anhui, Jiangsu, and Zhejiang.

**U.S. Consulate General Shenyang**
No. 52 14th Wei Road
Heping District, Shenyang 110003
**Telephone:** +86 24-2322-1198
**Emergency After-Hours Telephone:** +86 10-8531-4000
**Fax:** +86 24-8610-6904
**Email:** ShenyangACS@state.gov
This consular district includes Heilongjiang, Jilin, Inner Mongolia, and Liaoning.

**U.S. Consulate General Wuhan**
No. 396 Xin Hua Road
Wuhan Minsheng Bank Building
Jianghan District, Wuhan 430015
**Telephone:** +86 27-8563 2800
**Emergency After-Hours Telephone:** +86 10-8531-4000
**Fax:** +86 27-5940 6406

**Fax:** +86 27-5949 6496
**Email:** WuhanACS@state.gov
This consular district includes Henan, Hubei, Hunan, and Jiangxi.

## List of Attorneys

- U.S. Embassy Beijing
- U.S. Consulate General Guangzhou
- U.S. Consulate General Shanghai
- U.S. Consulate General Shenyang

**Chinese Attorneys/American Law Firms in China:** It is our understanding that Chinese law offices are within the jurisdiction and authority of the Ministry of Justice. Under the Ministry of Justice is the Department of Public Notaries and Lawyers, which in turn establishes legal advisory offices at provincial and local levels. All lawyers and public notaries in China are part of this system, and as such are employees of the State. Lawyers in the Chinese system therefore do not necessarily assume the advocacy role expected of lawyers in the United States, but rather have obligations to the State as well as to their clients. Anyone who retains the services of a lawyer in China should understand this difference between the American and Chinese legal systems. American law firms with a presence in China maintain representative offices which may provide legal advice to clients on commercial, tax, or economic law as it relates to investment in China by foreign firms.

## Helpful Links

Chinese Ministry of Justice

## Service of Process

China is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. Complete information on the operation of the Convention, including an interactive online request form are available on the Hague Conference website. Requests should be completed in duplicate and submitted with two sets of the documents to be served, and translations, directly to China's Central

Authority for the Hague Service Convention. The person in the United States executing the request form should be either an attorney or clerk of court. The applicant should include the titles attorney at law or clerk of court on the identity and address of applicant and signature/stamp fields. In its Declarations and Reservations on the Hague Service Convention, China formally objected to service under Article 10, and does not permit service via postal channels. For additional information see the Hague Conference Service Convention website and the Hague Conference Practical Handbook on the Operation of the Hague Service Convention. See also China's response to the 2008 Hague Conference questionnaire on the practical operation of the Service Convention.

**Service on a Foreign State:** See also our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Service of Documents from China in the United States:** See information about service in the United States on the U.S. Central Authority for the Service Convention page of the Hague Conference on Private International Law Service Convention site.

## Criminal Matters

**Prosecution Requests:** U.S. federal or state prosecutors should also contact the Office of International Affairs, Criminal Division, Department of Justice for guidance regarding the U.S.-China agreement on mutual legal assistance in criminal matters.

**Defense Requests in Criminal Matters:** Criminal defendants or their defense counsel seeking judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters may do so via the letters rogatory process.

## Obtaining Evidence in Civil and Commercial Matters

China is a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. The Chinese Central Authority for the Hague Evidence Convention designated to receive letters of request for the taking of evidence is the Ministry of Justice. See the Hague Evidence Convention Model Letters of Request for guidance on preparation of a letter of request. Requests for the taking of evidence under the Hague Evidence Convention are transmitted directly from the requesting court or person in the United States to the Chinese Central Authority and do **not**

require transmittal via diplomatic channels. Letters of Request and accompanying documents should be prepared in duplicate and translated into Chinese.

## Taking Voluntary Depositions of Willing Witnesses

China does **not** permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.

## Authentication of Documents

China is not a party to the Hague Convention Abolishing the Legalization of Foreign Public Documents. Documents issued in the United States may be authenticated for use in China by (a) contacting the U.S. Department of State Authentications Office and (b) then having the seal of the U.S. Department of State authenticated by the Embassy of China in Washington, D.C.Documents issued in U.S. states must first be authenticated by the designated state authority, generally the state Secretary of State.

Last Updated: May 1, 2019

# **EXHIBIT C**

# AUTHORITY

## China - Central Authority & practical information

**Central Authority:**

*Ministry of Justice, International Legal Cooperation Center*

| **Contact details:** | |
|---|---|
| Address: | International Legal Cooperation Center (ILCC)<br>Ministry of Justice of China<br>No. 41, Ping'AnLi Xidajie<br>Xicheng District<br>BEIJING 100035<br>China |
| Telephone: | +86 10 6515 2763 |
| Fax: | +86 10 6515 2773 |
| E-mail: | inquiry@ilcc.online |
| General website: | http://en.moj.gov.cn/<br>For online submission of requests, please visit www.ilcc.online.<br>Introdution to the Online Submission System |
| Contact person: | Ms LI Zhiying |
| Languages spoken by staff: | Chinese, English |

| **Practical Information:** | |
|---|---|
| Guide to filling out the Model Form, and FAQs<br>(drawn up by the Chinese Ministry of Justice): | The Guide is available here.<br><br>The FAQs are available here. |

| | |
|---|---|
| Forwarding authorities<br>(Art. 3(1)): | The Ministry of Justice, the High People's Court of Beijing, Shanghai, Jiangsu, Zhejiang, Guangdong, Fujian, Jiangxi, Shandong, Guangxi, and Hainan, as well as Transn United.<br><br>To enhance the efficiency of mutual legal assistance in civil and commercial matters, the Ministry of Justice of China, the Central Authority designated for the 1965 Service Convention and the 1970 Evidence Convention, has entrusted Transn United to undertake certain clerical tasks effective December 19, 2025. Specifically, Transn United is entrusted with submitting requests for service abroad to the receiving authorities of Contracting Parties.<br><br>The contact details of Transn United are as follows:<br>Transn United<br>Contact Person: Ms. LUO Fanglin<br>Room 2901-05, Building 5A, Yard No. 5, Huiji East Road, Tongzhou District,<br>Beijing 101101, China<br><br>Email: rara.luo@transn.com<br><br>We greatly value the good cooperation between China and fellow Contracting Parties to the 1965 Service Convention. It is our hope that the receiving authorities of the Contracting Parties will duly accept and process the requests submitted by Transn United, alongside those submitted by the Central Authority office and other forwarding authorities of China. |
| Methods of service<br>(Art. 5(1)(2)): | *Formal Service (Art. 5(1)(a))*<br>The Central Authority of China refers the document to the competent court. The court will serve the document directly to the addressee or the person who is entitled to receive the document. Where direct service is impracticable in some cases, other methods may be employed in accordance with the Civil Procedure Law.<br><br>*Informal delivery (Art. 5(2))*<br>There is no such method in the Chinese domestic law, and the addressee may refuse to accept it in any case.<br><br>*Service by a particular method (Art. 5(1)(b))*<br>In such cases, the Central Authority of China forwards the documents to the competent court. The competent court may execute the service to the extent not contrary to Chinese domestic law. |
| Translation requirements<br>(Art. 5(3)): | According to the Civil Procedure Law of the People's Republic of China, service requested within the meaning of Art. 5(1) of the Convention requires that all documents and evidence to be served must be written in Chinese or that a translation in Chinese be attached thereto, unless there are contrary prescriptions in the mutual treaties between China and other Contracting States of the Hague Convention. |

| | |
|---|---|
| Costs relating to execution of the request for service<br>(Art. 12): | Charges are incurred on a reciprocal basis and at the equivalent amount.<br>Notice on Service Fees |
| Time for execution of request: | Around 6 months |
| Judicial officers, officials or other competent persons<br>(Art. 10(b)) | |
| Oppositions and declarations<br>(Art. 21(2)): | Click here to read all the declarations made by this State under the Service Convention. |
| Art. 8(2): | Opposition |
| Art. 10(a): | Opposition |
| Art. 10(b): | Opposition |
| Art. 10(c): | Opposition |
| Art. 15(2): | Declaration of applicability |
| Art. 16(3): | Declaration of applicability |
| Derogatory channels (bilateral or multilateral agreements or internal law permitting other transmission channels)<br>(Arts. 11, 19, 24 and 25)<br>**Disclaimer:**<br>*Information may not be complete or fully updated – please contact the relevant authorities to verify this information.* | http://english.legalinfo.gov.cn/2015-06/04/content_20908416.htm |
| Useful links: | Online treaty library: http://treaty.mfa.gov.cn/Treaty/web/index.jsp<br>China law library: https://flk.npc.gov.cn/ |
| Competent authorities<br>(Arts 6, 9) | |
| Other authorities<br>(Art. 18) | The High People's Court of Beijing, Shanghai, Jiangsu, Zhejiang, Guangdong, Fujian, Jiangxi, Shandong, Guangxi, and Hainan can directly submit requests for service to foreign Central Authorities according to the Hague Service Convention.<br>Note: The only receiving authority is the Central authority, i.e., the Ministry of Justice of China. |

This page was last updated on: 15 January 2026

## Conventions (incl. Protocols and Principles)

Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [14]