United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETGEAR, INC.,
Plaintiff,
v.
ELITECOM TECHNOLOGIES CORP.,
Defendants.

Case No. 26-cv-5417-SVK

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Re: Dkt. No. 8

Before the Court is Netgear, Inc's ("Netgear") Motion for Alternative Service, submitted under Federal Rule of Civil Procedure 4(f)(3) ("Motion"), in which Netgear requests an order permitting alternative service of process on Defendant Elitecom Technologies Corporation ("Elitecom") via email to Elitecom's CEO at allin@elitect.com. Netgear explains that it has communicated with Elitecom's CEO via his email address both before and after filing this action. Motion at 2, 6-7. More specifically, Netgear has recently communicated with Elitecom's CEO, through his email address, as to service of the complaint. Netgear states that it received an email from Elitecom's CEO, "stating that [Elitecom's CEO] was reviewing the waiver package provided." Motion at 6-7; Dkt. 8-1 (Nickerson Decl.) at ¶¶ 7-8. Netgear also explains that it has investigated Hague Convention procedures and learned that service of the complaint in China "under current international conditions, [] will take several months and may take up to a year or more." *Id*. at 1, 3 (citing John F. Coyle et al., *Contracting Around the Hague Service Convention*, 53 UC DAVIS L. REV. ONLINE 53, 54 (2019)).

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of a foreign corporation outside any United States judicial district. Rule 4(f) provides in relevant part that an individual may be served outside the United States "(1) by any internationally agreed means of

service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents…or (3) by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f). Additionally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Courts in this District have reached different conclusions as to whether email service to a party located in China is "prohibited by international agreement." *Compare WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.*, No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) (collecting cases from the Northern District of California where the court allowed email service to parties in China, finding that a majority of decisions find no prohibition on such practice and denying the defendant's motion to quash service of process upon it, a company located in China, via email) *with Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977 (N.D. Cal. 2020) (finding service by e-mail on defendants in China to be prohibited where no exception to the Hague Service Convention is appliable). There is no Ninth Circuit precedent on this issue.[1]

In this instance, given the facts as laid out in the Motion and the supporting declaration, the Court finds the reasoning in *WeWork Companies* and the collecting cases to be the most applicable, and adopts that reasoning here. First, the relevant cases acknowledge an urgency that cannot be satisfied under the Hague Convention. *See WeWork*, 2019 WL 8810350 at *3 (noting that "service on Defendant through China's central authority would take [estimated 3-4] months" and that "Plaintiff [] contended that it faced immediate, irreparable harm to its reputation and

[1] At least two Circuits have found email service on mainland China to not be proper in cases where the Hague Convention applies. *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 172 (2d Cir. 2025); *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 801 (7th Cir. 2026)

goodwill because of Defendant's allegedly ongoing infringing use of Plaintiff's trademarks" in determining that "[t]hese circumstances justify the immediacy of service by email"). Here, Netgear asserts that Elitecom disputes Netgear's ownership of source code and related intellectual property and thereby "threatens to harm Netgear's customer relationships, goodwill and business interests." Motion at 1; *see also* Nickerson Decl. at ¶ 6 (stating that Elitecom has "threat[ened] to contact NETGEAR's customers and licensees"). Such harm, Netgear urges, cannot withstand the addition of "several months" that would result from using the Hague Convention procedures for service of the complaint in China. *Id.* at 3. Second, the cases offer facts that demonstrate that email service is "consistent with due process and minimizes offense to foreign law." *WeWork Companies*, 2019 WL 8810350 at *2 (citing Fed.R.Civ.P. 4(f)); *see also id.* (listing numerous cases in this District have allowed service on China-based defendants via email). Here, the Parties have been communicating at the highest level via email for several months, including on the very subject of service. Motion at 7; Nickerson Decl. at ¶¶ 4, 7-8 (stating that Netgear reached out to Elitecom's CEO via his email address requesting waiver of formal service and that "Alan Lin responded on or about July 20, 2026 stating that he was reviewing the waiver package provided"). Accordingly, given the facts as laid out in the Motion, service via email is "reasonably calculated…to apprise [Elitecom] of the pendency of the action and afford [it] an opportunity to present [its] objections." *See Rio Props., Inc.*, 284 F.3d at 1016-17. Furthermore, the Court agrees with the analysis set forth in *WeWork* and similarly finds that "China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'" *WeWork Companies Inc*, 2019 WL 8810350 at *2.

////

////

////

////

////

////

////

United States District Court
Northern District of California

Accordingly, the Court hereby **GRANTS** the Motion and **ORDERS**:

1. Plaintiff may effect service on Defendant by sending the summons, complaint, and other required materials via service on Alan Lin at Elitecom.
2. Such service may be accomplished by emailing Alan Lin at his email address: allin@elitect.com.

**SO ORDERED.**

Dated: September 11, 2026

SUSAN VAN KEULEN
United States Magistrate Judge