Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 9411
Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

Morgan T. Nickerson (*pro hac vice forthcoming*)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA 02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175

*Attorneys for Plaintiff*
NETGEAR, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETGEAR, Inc.<br>Plaintiff,<br>v.<br>Elitecom Technologies Corporation,<br>Defendant. | Civil Action No. 5:26-cv-5417-SVK<br><br>**AFFIDAVIT OF SERVICE BY COUNSEL MORGAN T. NICKERSON**<br><br>Compl. Filed: June 4, 2026<br>Trial Date: None Set |

**AFFIDAVIT OF SERVICE BY COUNSEL MORGAN T. NICKERSON**

I, Morgan T. Nickerson, declare as follows:

1. I am an attorney licensed to practice law in the State of Massachusetts. I am a partner at the law firm of K&L Gates LLP and serve as counsel to Plaintiff NETGEAR, Inc. ("NETGEAR"). I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto.

2. On June 4, 2026, NETGEAR filed its complaint against Defendant Elitecom Technologies Corporation ("Elitecom" or "Defendant"). ECF No. 1.

3. On August 6, 2026, NETGEAR filed a Motion for Alternative Service Under Fed. R. Civ. P. 4(f)(3), requesting that it be permitted to accomplish service of the Summons and Complaint through email. ECF No. 8.

4. On September 11, 2026, the Court granted NETGEAR's motion and directed service to be completed via email on Defendant at alin@elitect.com. ECF No. 10.

5. On September 17, 2026, in accordance with the Court's Order, I caused true and accurate copies of the Summons and Complaint in this matter to be served upon Defendant via email. Proof of service is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct. Executed on September 18, 2026, at Boston, Massachusetts.

*/s/Morgan T. Nickerson*
Morgan T. Nickerson

# EXHIBIT A

**From:** Markley, Laura E.
**Sent:** Thursday, September 17, 2026 10:12 AM
**To:** Alan Lin
**Cc:** Nickerson, Morgan T.; Yamahata, Taylor; Haycock, Jason N.
**Subject:** Netgear v. Elitecom
**Attachments:** Service Package Elitecom.pdf

Dear Mr. Lin, at Attorney Nickerson's request, please see attached service package regarding the above-referenced matter.

If you have any questions, please contact Morgan Nickerson at 617 261 3134 or morgan.nickerson@klgates.com.

Thanks, Laura

K&L GATES

**Laura Markley**
Practice Assistant
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, MA 02114
Phone: (617) 261-3205
Fax: (617) 261-3175
laura.markley@klgates.com
www.klgates.com

K&L GATES

September 17, 2026

Morgan T. Nickerson
morgan.nickerson@klgates.com

T +1 617 261 3134
F +1 617 261 3175

**Via Email**

Alan Lin
Elitecom Technologies Corporation
alin@elitect.com

**Re:** ***NETGEAR, Inc. v. Elitecom Technologies Corporation***
**United States District Court for the Northern District of California, Civil Action No. 5:26-cv-05417-SVK**

Dear Mr. Lin:

I am counsel for Plaintiff NETGEAR, Inc. ("NETGEAR"). Enclosed please find the Summons and Complaint filed in the above-referenced action, as well as NETGEAR's Motion for Alternative Service (Dkt. 8). The Court granted this motion on September 11, 2026 (Dkt. 10). A copy of the Court's order is attached.

If you would like to discuss potential resolution of this matter, please feel free to contact me at morgan.nickerson@klgates.com or 617-261-3134.

Sincerely,

*/s/ Morgan T. Nickerson*

Morgan T. Nickerson

cc: Jason Haycock (Jason.Haycock@klgates.com)
Taylor Yamahata (Taylor.Yamahata@klgates.com)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

NETGEAR, Inc.
*Plaintiff(s)*
v.

Civil Action No. 5:26-cv-05417-SVK

Elitecom Technologies Corporation
*Defendant(s)*

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
Elitecom Technologies Corporation
999 Zhongshan West Road, Suite 313
Shanghai, China 200051

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Jason N. Haycock
K. Taylor Yamahata
K&L GATES, LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

*Mark B.Busby*

Date: June 5, 2026

Anne Fedunak
*Signature of Clerk or Deputy Clerk*

Case 5:26-cv-05417-SVK Document 16 Filed 09/15/26 Page 2 of 29



Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________________.

☐ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ____________________; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________
______________________________, a person of suitable age and discretion who resides there,
on *(date)* ____________________, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________________, who is
designated by law to accept service of process on behalf of *(name of organization)* ____________________
______________________________ on *(date)* ____________________; or

☐ I returned the summons unexecuted because ______________________________; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________.

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Case 5:26-cv-05410-SVK Document 11 Filed 09/11/26 Page 8 of 29

Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 9411
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Morgan T. Nickerson (SBN 278983)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA 02114
Telephone: (617) 261-3134
Facsimile: (617) 261-3175
(*Pro Hac Vice forthcoming*)

*Attorneys for Plaintiff*
NETGEAR, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Elitecom Technologies Corporation,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL** |

Plaintiff NETGEAR, Inc. ("NETGEAR" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Elitecom Technologies Corporation's ("Elitecom" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. NETGEAR seeks declaratory relief arising from a dispute with Elitecom regarding NETGEAR's ownership of source code and related intellectual property developed for NETGEAR's ProAV Embedded App Phase 2 Project (the "Project"). The parties' agreement expressly states that "Netgear shall own all source code of this project and related Intellectual Property." Through this action, NETGEAR seeks a declaration confirming that (a) NETGEAR in fact owns the source code and related intellectual property; (b) NETGEAR owes no continuing post-termination maintenance payments to Elitecom; and (c) Elitecom has no lawful basis to interfere with NETGEAR's customer or business relationships based on these claims.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338 as this matter involves a dispute over the ownership of copyrighted source code and potentially the work for hire doctrine.

3. Independently, the Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The amount in controversy exceeds $75,000 because the dispute concerns ownership and continuing rights relating to source code and intellectual property developed for NETGEAR's ProAV Embedded App Phase 2 Project, the value of which substantially exceeds $75,000.

5. This Court also has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Defendant is subject to personal jurisdiction in this forum because Defendant entered into the Agreement with Plaintiff, a California-based company, directed communications with Plaintiff into California, asserted contractual rights against a California company, and threatened interference with business relationships centered in California.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because NETGEAR resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

## **PARTIES**

8. Plaintiff NETGEAR, Inc. is a Delaware corporation with its principal place of business at 350 East Plumeria Drive, San Jose, California 95134.

9. Upon information and belief, Defendant Elitecom Technologies Corporation is a foreign corporation with its principal place of business at 999 Zhongshan West Road, Suite 313, Shanghai, China 200051.

## **FACTS GIVING RISE TO THIS ACTION**

### **A. The Parties' Agreement**

10. On or about October 12, 2020, the parties entered into a Statement of Work entitled "ProAV Embedded APP Project Phase 2" ("Phase 2 SOW").

11. Pursuant to the Phase 2 SOW, Elitecom agreed to provide services related to the design, implementation, and system testing of the Project.

12. Section 1.3 of the Phase 2 SOW expressly states: "Netgear shall own all source code of this project and related Intellectual Property."

13. The Phase 2 SOW further referenced a yearly maintenance fee associated with support services provided by Elitecom.

14. Nothing in the Phase 2 SOW conditions NETGEAR's ownership of the source code or intellectual property on continued payments following termination of the parties' relationship.

15. Nothing in the Phase 2 SOW grants Elitecom continuing ownership rights following completion of the project.

**B. Termination of the Parties' Relationship**

16. On June 13, 2025, NETGEAR formally terminated the parties' relationship, including the Phase 2 SOW, by written notice.

17. Following termination, NETGEAR transitioned maintenance responsibilities internally.

18. Following termination, Elitecom ceased providing maintenance or support services to NETGEAR.

19. In January 2026, Elitecom nevertheless demanded that NETGEAR pay an additional annual maintenance fee.

20. NETGEAR disputed Elitecom's position and explained that the Phase 2 SOW did not create any continuing royalty or post-termination payment obligation.

21. NETGEAR further explained that the Phase 2 SOW expressly provides that NETGEAR owns the source code and related intellectual property.

22. NETGEAR further advised Elitecom that its interpretation improperly attempted to convert a limited maintenance provision into an indefinite post-termination payment obligation unsupported by the agreements.

**C. Elitecom's Improper Claims and Threatened Customer Communications**

23. Elitecom responded stating that NETGEAR's continued use of the application requires ongoing maintenance payments.

24. Elitecom further demanded that NETGEAR either: (a) pay the maintenance fee; or (b) provide a sworn declaration allegedly confirming complete cessation of use of the application and any derivative products.

25. Elitecom further threatened to contact NETGEAR customers and licensees and inform them that: (a) Elitecom developed the application under a "limited agreement" with NETGEAR; (b) the agreement had terminated; and (c)

Case 5:26-cv-05410-SVK Document 11 Filed 07/01/26 Page 12 of 29

Elitecom "does not believe NETGEAR retains distribution or licensing rights to the application without Elitecom's authorization."

26. Elitecom stated that it would proceed with such customer communications unless NETGEAR paid the demanded maintenance fee amounts.

27. Elitecom's threatened communications are intended to disrupt NETGEAR's customer relationships and improperly pressure NETGEAR into paying disputed fees.

28. Elitecom's threatened assertions directly contradict the Phase 2 SOW, including the provision expressly stating that "Netgear shall own all source code of this project and related Intellectual Property."

29. Elitecom's conduct threatens harm to NETGEAR's customer relationships, goodwill, and business interests. Moreover, it makes clear that there is an ongoing dispute over the ownership of the developed source code.

30. An actual and justiciable controversy therefore exists between the parties concerning their respective rights and obligations under the parties' agreements and to the ownership of the copyright to the created source code.

## <u>COUNT I</u>

## DECLARATORY JUDGMENT

## (28 U.S.C. §§ 2201–2202)

31. NETGEAR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. An actual and justiciable controversy exists between the parties regarding their respective rights and obligations under the Phase 2 SOW and who owns the copyright to the source code.

33. NETGEAR contends that: (a) NETGEAR owns the source code and related intellectual property developed pursuant to the Phase 2 SOW; (b) the Phase 2 SOW does not require NETGEAR to continue paying maintenance fees following termination of the parties' relationship; (c) the Phase 2 SOW does not impose any

continuing royalty obligation on NETGEAR; (d) NETGEAR has the right to continue using, maintaining, distributing, and licensing the application and related intellectual property; and (e) Elitecom has no lawful basis to interfere with NETGEAR's customer or business relationships based on assertions regarding ownership or licensing rights.

34. Elitecom disputes NETGEAR's position and contends that NETGEAR must continue paying maintenance fees and allegedly lacks continuing rights to use and distribute the application absent such payment.

35. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and obligations.

**WHEREFORE,** NETGEAR prays for judgment against Defendant as follows:

A. Declaring that NETGEAR owns the source code and related intellectual property developed pursuant to the Phase 2 SOW;

B. Declaring that NETGEAR may continue using, maintaining, distributing, and licensing the software and related intellectual property;

C. Declaring that Elitecom has no lawful basis to interfere with NETGEAR's customer or business relationships based on claims concerning ownership or licensing rights;

D. Awarding NETGEAR its attorneys' fees, costs, and interest as permitted by law;

E. Awarding NETGEAR such other and further relief as this Court deems just and proper.

Case 5:26-cv-05410-SVK Document 11 Filed 06/09/26 Page 14 of 29

**JURY DEMAND**

Plaintiff NETGEAR hereby demands a trial by jury of all issues so triable.

Dated: June 4, 2026

K&L GATES LLP

By: /s/ K. Taylor Yamahata

Jason N. Haycock
K. Taylor Yamahata
Morgan T. Nickerson (*pro hac vice forthcoming*)

*Attorneys for Plaintiff*
NETGEAR, Inc.

Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  9411
Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

Morgan T. Nickerson (*pro hac vice forthcoming*)
Morgan.Nickerson@klgates.com
K&L GATES LLP
One Congress Street, 29th Floor
Boston, MA  02114
Telephone: +1 617 261 3134
Facsimile: +1 617 261 3175

*Attorneys for Plaintiff*
NETGEAR, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETGEAR, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Elitecom Technologies Corporation,<br><br>Defendant. | Civil Action No. 5:26-cv-5417<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)**<br><br>Date: September 15, 2026<br>Time: 10:00 AM<br>Courtroom: 6<br>Judge: Hon. Susan van Keulen<br><br>Compl. Filed: June 4, 2026<br>Trial Date: None Set |

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 15, 2026, at 10:00 AM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Susan van Keulen at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, Courtroom 6, Plaintiff NETGEAR, Inc. will and hereby does move the Court for an order permitting alternative service of process under Federal Rule of Civil Procedure 4(f)(3) and service of other papers in this action on Defendant Elitecom Technologies Corporation.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the concurrently filed declaration of Morgan T. Nickerson, and all other papers and arguments submitted in connection with this matter and any additional matters that may be heard or submitted including at oral argument.

Dated: August 6, 2026

K&L GATES LLP

By: *<u>/s/ K. Taylor Yamahata</u>*
Jason N. Haycock
K. Taylor Yamahata
Morgan T. Nickerson (*pro hac vice application forthcoming*)

*Attorneys for Plaintiff*
NETGEAR, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1
STATEMENT OF THE CASE ........ 1
I. BACKGROUND ........ 1
II. DEFENDANT'S CONTACT INFORMATION ........ 2
ARGUMENT ........ 2
III. LEGAL STANDARD ........ 2
IV. ALTERNATIVE SERVICE OF PROCESS IS JUSTIFIED ........ 3
A. The Proposed Means of Service Is Not Prohibited by International Agreement ........ 4
B. The Proposed Means of Service Satisfies Due Process ........ 6
V. PLAINTIFF'S PROPOSED ALTERNATIVE SERVICE UNDER RULE 4(F)(3) ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carrico v. Samsung Electronics Co., Ltd.*, No. 15-cv-02087, 2016 WL 2654392 (N.D. Cal. May 10, 2016) .......... 4

*F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) .......... 6

*Facebook Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) .......... 6

*Gurung v. Malhotra*, 279 F.R.D. 215 (S.D.N.Y. 2011) .......... 6

*In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) .......... 4

*Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.*, No. 17-CV-02896-LHK, 2017 WL 4536417 (N.D. Cal. Oct. 11, 2017) .......... 5

*Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) .......... 3, 4, 6

*Seiko Epson Corporation et al. v. Dongguan Ocbestjet Digital Technology Co., Ltd. et al.*, 2:22-cv-4123, Dkt. 20 (C.D. Cal. Nov. 3, 2022) .......... 5

*Shinde v. Nithyananda Foundation*, No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121 (C.D. Cal. Aug. 25, 2014) .......... 6

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-0246-DOC (DFMx), 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) .......... 5

*WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.* No. 5:18-CV-04543-EJD, 2019 WL 8810350 (N.D. Cal. Jan. 10, 2019) .......... 5

*Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) .......... 5

**Other Authorities**

Fed. R. Civ. P. 4 .......... 2, 3, 4

## PRELIMINARY STATEMENT

On June 4, 2026, Plaintiff Netgear, Inc. ("NETGEAR" or "Plaintiff") filed a complaint against Defendant Elitecom Technologies Corporation ("Elitecom") seeking declaratory relief arising from a dispute with Elitecom regarding NETGEAR's ownership of source code and related intellectual property developed for NETGEAR's ProAV Embedded App Phase 2 Project. As explained in greater detail below, Elitecom threatened NETGEAR with various actions that are intended to disrupt NETGEAR's customer relationships and improperly pressure NETGEAR into paying disputed fees. Elitecom's conduct threatens to harm NETGEAR's customer relationships, goodwill, and business interests. Therefore, NETGEAR seeks a judicial declaration over the parties' respective rights and obligations under the parties' agreements and to the ownership of the copyright to the created source code.

NETGEAR has investigated the Hague Convention procedures for service of the complaint in China, and under current international conditions, service will take several months, and may take up to a year or more. NETGEAR cannot, and should not, wait that long. Accordingly, NETGEAR seeks an order under Federal Rule of Civil Procedure 4(f)(3) to effect service of process of the summons and complaint, and any future papers in this action through alternative means, namely by Defendant's email address. The Ninth Circuit, as well as this Court and numerous courts within the Ninth Circuit, have ordered that service of process through a defendant's email address is an appropriate alternative for service. NETGEAR respectfully seeks the same relief here.

## STATEMENT OF THE CASE

### I. BACKGROUND

On or about October 12, 2020, the parties entered into a Statement of Work, under which Elitecom agreed to provide design, implementation, and testing services, with NETGEAR retaining ownership of the resulting source code and related

intellectual property. Dkt. No. 1 ¶¶ 10-13. On June 13, 2025, NETGEAR terminated the parties' relationship and Elitecom ceased providing maintenance or support services to NETGEAR. *Id.* ¶¶ 16-18. A dispute subsequently arose when, in January 2026, Elitecom demanded that NETGEAR pay an additional annual maintenance fee notwithstanding the termination, a position that NETGEAR has disputed. *Id.* ¶¶ 19-22. Elitecom has since threatened to contact NETGEAR's customers and licensees to assert that NETGEAR no longer holds distribution or licensing rights. *Id.* ¶¶ 23-26. Elitecom's threatened communications are intended to disrupt NETGEAR's customer relationships and improperly pressure NETGEAR into paying disputed fees. *Id.* ¶ 27.

Throughout this dispute, the parties' communications have been conducted exclusively by email. Declaration of Morgan T. Nickerson ("Nickerson Decl.") ¶ 3. Indeed, Elitecom has used email to issue the threats at issue in this action, including its demand for payment and its threat to contact NETGEAR's customers and licensees. Dkt. No. 1 ¶¶ 23-26; Nickerson Decl. ¶ 6. Given the threats issued by Elitecom via email and NETGEAR and Elitecom's ongoing email conversations regarding the dispute, Elitecom is on actual notice of the lawsuit.

## II. DEFENDANT'S CONTACT INFORMATION

Upon information and belief, Defendant is a foreign corporation with its principal place of business at 999 Zhongshan West Road, Suite 313, Shanghai, China 200051. Dkt. No. 1 ¶ 9. Counsel for NETGEAR has been in contact with Alan Lin, the Chief Executive Officer of Elitecom via his email at alin@elitect.com since prior to the commencement of this action. Nickerson Decl. ¶¶ 3-5. As set forth below, this course of dealing confirms that email is a reliable means of providing Elitecom with notice of this action.

# ARGUMENT

## III. LEGAL STANDARD

Service of process on foreign individuals is governed by Federal Rule of Civil

Procedure 4(f). That same rule applies to foreign businesses. *See* Fed. R. Civ. P. 4(h)(2). Under Rule 4(f), foreign service can be accomplished by any one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) . . . as prescribed by the foreign country's law for service in that country . . . ; or (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided there is no international agreement directly to the contrary. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The Court can also allow multiple forms of alternative service at once. *Id.* at 1017. Finally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## IV. ALTERNATIVE SERVICE OF PROCESS IS JUSTIFIED

Under the procedures of the Hague Convention, service in China will take several months, and may take up to a year or more.[1] Given Defendant's threats concerning NETGEAR's customers that will cause harm to NETGEAR's customer relationships, goodwill, and business interests, there is no need to wait this long. Such delay is unnecessary. Under the circumstances here, alternative service through email will not only apprise Defendant of this action and afford it an opportunity to appear, but also this form of service is likely to be the best, fastest, and most reliable

[1] *See, e.g.*, John F. Coyle et al., *Contracting Around the Hague Service Convention*, 53 UC DAVIS L. REV. ONLINE 53, 54 (2019).

method for providing it service.

Critically, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props.*, 284 F.3d at 1015. Rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* There is, therefore, no "hierarchy of preferred methods of service of process" under Rule 4(f), and "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.* at 1014. Thus, a party need not "attempt service of process by those [other] methods … before petitioning the court for alternative relief under Rule 4(f)(3)." *Id.* at 1014-15 (approving alternative service even though plaintiff had not attempted other methods); *accord In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) ("[P]laintiffs are free to attempt an alternate means of service without having to show an attempt of service through the Chinese Central Authority . . . ."); *Carrico v. Samsung Electronics Co., Ltd.*, No. 15-cv-02087, 2016 WL 2654392, at *3 (N.D. Cal. May 10, 2016) (citing *Rio Props.*, 284 F.3d at 1015) ("Plaintiffs are not required to serve foreign defendants in accordance with 'any internationally agreed means reasonably calculated to give notice,' such as the Hague Service Convention under Rule 4(f)(1), prior to moving for alternate service under Rule 4(f)(3).").

As explained below, the method proposed by NETGEAR for alternative service is not prohibited by any international agreement with China and comports with due process.

### A. The Proposed Means of Service Is Not Prohibited by International Agreement

As signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, China had the option to object to certain types of service, which it did as to Article 8, service through "diplomatic or consular agents," and Article 10, "postal channels" or foreign "judicial

officers." *See* Exhibit B; Exhibit C (identifying China's objections).

Yet, despite China's objections to service through postal channels under Article 10 of the Hague Convention, courts have allowed for service by email on defendants located in China. For example, in *WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.*, the Court denied a motion to quash service of process where the Court found that Article 10 did not prohibit service by email. No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) ("Given the weight of authority, the court finds that China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'"). Similarly, the Court in *Microsoft Corp. v. Goldah.com Network Tech. Co., Ltd.* reached the same conclusion. No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("Yet China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."). The court in *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-0246-DOC (DFMx), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016), also permitted service in China via email, finding that the "Hague Convention does not expressly prohibit service by email" and that there was no other international agreement with China of which it was aware that would prohibit such service. Lastly, a court in the Ninth Circuit allowed for service of process via email on a Chinese entity where plaintiff showed it had a recent and valid email addresses for the defendant. *See Seiko Epson Corporation et al. v. Dongguan Ocbestjet Digital Technology Co., Ltd. et al.*, 2:22-cv-4123, Dkt. 20 (C.D. Cal. Nov. 3, 2022).

Courts have reached this same conclusion regarding Article 10 objections to the Hauge Convention in reference to countries other than China as well. For example, in *Williams-Sonoma Inc. v. Friendfinder Inc.,* No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007), the court found that service by email to parties in the Czech Republic, Norway, Switzerland, and Ukraine was permissible, even though each of the countries, like China, had objected to service through postal

channels. Similarly, in *Facebook Inc. v. Banana Ads, LLC*, the court found that email service to Hong Kong, "a special administrative region of the People's Republic of China," was not prohibited by international agreement and was therefore acceptable. *See* No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). And, in *Shinde v. Nithyananda Foundation*, No. EDCV 13-00363-JGB (SPx), 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014), the court likewise permitted service via email to a recipient in India despite India's objection to service via postal channels, reasoning that "service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10" of the Hague Convention. As in each of these cases, email service is appropriate and permissible here.

### B. The Proposed Means of Service Satisfies Due Process

Email is not only a permissible means of alternative service, email has been considered one of the best forms because it is "aimed directly and instantly" at the defendant. *Rio Props.*, 284 F.3d at 1018. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *see also Facebook Inc.*, 2012 WL 1038752, at *2 (granting motion for alternative service because "service by email appears to be not only reasonably calculated to provide actual notice to Foreign Defendants but the method most likely to apprise the Foreign Defendants of the action"); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied.").

Here, NETGEAR has a recent and valid email address of the Chief Executive Officer of Elitecom, Alan Lin. Counsel for NETGEAR has been in contact with Alan Lin since at least February 10, 2026, three months before the commencement of this action. *See* Nickerson Decl. ¶¶ 4-5. An email sent to this address is likely to reach the Defendant. Indeed, counsel for NETGEAR reached out to Alan Lin on or about

July 15, 2026 to request Elitecom waive formal service of the complaint and Alan Lin responded on or about July 20, 2026 stating he was reviewing the waiver package provided. *Id.* ¶¶ 7-8. Alan Lin has not otherwise responded to the request to waive formal service, necessitating this motion. *Id.* ¶ 9. Given NETGEAR and Elitecom's history, service by email is the method most likely to apprise Defendant of the action.

### V. PLAINTIFF'S PROPOSED ALTERNATIVE SERVICE UNDER RULE 4(F)(3)

NETGEAR proposes to serve the Defendant by sending the complaint, summons, and related papers in this action by email. With respect to email, NETGEAR proposes to serve the service documents by sending them to the following known email address of Defendant: alin@elitect.com.

## CONCLUSION

For the foregoing reasons, NETGEAR respectfully requests that the Court grant its motion for an order authorizing it to serve Defendant through email.

Dated: August 6, 2026

K&L GATES LLP

By: /s/ K. Taylor Yamahata
Jason N. Haycock
K. Taylor Yamahata
Morgan T. Nickerson (*pro hac vice application forthcoming*)

*Attorneys for Plaintiff*
NETGEAR, Inc.

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETGEAR, INC.,<br>Plaintiff,<br>v.<br>ELITECOM TECHNOLOGIES CORP.,<br>Defendants. | Case No. 26-cv-5417-SVK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 8 |

Before the Court is Netgear, Inc's ("Netgear") Motion for Alternative Service, submitted under Federal Rule of Civil Procedure 4(f)(3) ("Motion"), in which Netgear requests an order permitting alternative service of process on Defendant Elitecom Technologies Corporation ("Elitecom") via email to Elitecom's CEO at allin@elitect.com. Netgear explains that it has communicated with Elitecom's CEO via his email address both before and after filing this action. Motion at 2, 6-7. More specifically, Netgear has recently communicated with Elitecom's CEO, through his email address, as to service of the complaint. Netgear states that it received an email from Elitecom's CEO, "stating that [Elitecom's CEO] was reviewing the waiver package provided." Motion at 6-7; Dkt. 8-1 (Nickerson Decl.) at ¶¶ 7-8. Netgear also explains that it has investigated Hague Convention procedures and learned that service of the complaint in China "under current international conditions, [] will take several months and may take up to a year or more." *Id*. at 1, 3 (citing John F. Coyle et al., *Contracting Around the Hague Service Convention*, 53 UC DAVIS L. REV. ONLINE 53, 54 (2019)).

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of a foreign corporation outside any United States judicial district. Rule 4(f) provides in relevant part that an individual may be served outside the United States "(1) by any internationally agreed means of

service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents…or (3) by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f). Additionally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Courts in this District have reached different conclusions as to whether email service to a party located in China is "prohibited by international agreement." *Compare WeWork Companies Inc. v. WePlus (Shanghai) Technology Co., Ltd.*, No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) (collecting cases from the Northern District of California where the court allowed email service to parties in China, finding that a majority of decisions find no prohibition on such practice and denying the defendant's motion to quash service of process upon it, a company located in China, via email) *with Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977 (N.D. Cal. 2020) (finding service by e-mail on defendants in China to be prohibited where no exception to the Hague Service Convention is appliable). There is no Ninth Circuit precedent on this issue.[1]

In this instance, given the facts as laid out in the Motion and the supporting declaration, the Court finds the reasoning in *WeWork Companies* and the collecting cases to be the most applicable, and adopts that reasoning here. First, the relevant cases acknowledge an urgency that cannot be satisfied under the Hague Convention. *See WeWork*, 2019 WL 8810350 at *3 (noting that "service on Defendant through China's central authority would take [estimated 3-4] months" and that "Plaintiff [] contended that it faced immediate, irreparable harm to its reputation and

---

[1] At least two Circuits have found email service on mainland China to not be proper in cases where the Hague Convention applies. *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 172 (2d Cir. 2025); *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 801 (7th Cir. 2026)

goodwill because of Defendant's allegedly ongoing infringing use of Plaintiff's trademarks" in determining that "[t]hese circumstances justify the immediacy of service by email"). Here, Netgear asserts that Elitecom disputes Netgear's ownership of source code and related intellectual property and thereby "threatens to harm Netgear's customer relationships, goodwill and business interests." Motion at 1; *see also* Nickerson Decl. at ¶ 6 (stating that Elitecom has "threat[ened] to contact NETGEAR's customers and licensees"). Such harm, Netgear urges, cannot withstand the addition of "several months" that would result from using the Hague Convention procedures for service of the complaint in China. *Id.* at 3. Second, the cases offer facts that demonstrate that email service is "consistent with due process and minimizes offense to foreign law." *WeWork Companies*, 2019 WL 8810350 at *2 (citing Fed.R.Civ.P. 4(f)); *see also id.* (listing numerous cases in this District have allowed service on China-based defendants via email). Here, the Parties have been communicating at the highest level via email for several months, including on the very subject of service. Motion at 7; Nickerson Decl. at ¶¶ 4, 7-8 (stating that Netgear reached out to Elitecom's CEO via his email address requesting waiver of formal service and that "Alan Lin responded on or about July 20, 2026 stating that he was reviewing the waiver package provided"). Accordingly, given the facts as laid out in the Motion, service via email is "reasonably calculated…to apprise [Elitecom] of the pendency of the action and afford [it] an opportunity to present [its] objections." *See Rio Props., Inc.*, 284 F.3d at 1016-17. Furthermore, the Court agrees with the analysis set forth in *WeWork* and similarly finds that "China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement.'" *WeWork Companies Inc*, 2019 WL 8810350 at *2.

////

////

////

////

////

////

////

United States District Court
Northern District of California

Accordingly, the Court hereby **GRANTS** the Motion and **ORDERS**:

1. Plaintiff may effect service on Defendant by sending the summons, complaint, and other required materials via service on Alan Lin at Elitecom.
2. Such service may be accomplished by emailing Alan Lin at his email address: allin@elitect.com.

**SO ORDERED.**

Dated: September 11, 2026

SUSAN VAN KEULEN
United States Magistrate Judge